[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S APPEAL FROM FAMILY SUPPORT MAGISTRATE (129) AS AMENDED (131)
The defendant has appealed the ruling of Family Support Magistrate Sullivan made on April 21, 1992 holding the defendant's failure to pay child support to be wilful and therefore in contempt of the court's order and ordering the defendant incarcerated until he paid a lump sum of $3,000 to the order of Support Enforcement.
The defendant's marriage to the plaintiff was dissolved on October 25, 1985 by judgment that ordered the defendant to pay $50 CT Page 7882 per child per week as child support for each of two children.
The plaintiff filed the motion for contempt (120) dated October 22, 1991 after the State of Connecticut filed a motion to modify support dated August 21, 1991, seeking a decrease in the defendant's weekly child support order. The Support Enforcement office obtained an application for contempt order (122) on behalf of the State of Connecticut, alleging an arrearage due the State of $18,121.75, as of October 2, 1991, and ordering the defendant to appear on December 2, 1991 to show cause why he should not be held in contempt. The matter was marked over to February 11, 1992, when the Magistrate ordered the State arrearage suspended until April 21, 1992.
The plaintiff received Aid for Dependent Children from the State of Connecticut from 1986 until October 1, 1991 (transcript pp. 16-17), which resulted in $18,171.75 due the State as of February 11, 1992 (transcript p. 4). The parties also agreed that $3,646 arrears was owed to the plaintiff as of that date (transcript p. 3). at the February hearing, the magistrate ordered the agreement that the plaintiff and defendant reached of a temporary order for $65 plus $15 on the plaintiff's arrears (transcript p. 4).
The defendant was also obligated to seek employment and to maintain job sheets which he did (defendant's Exhibit #1) by having visited 67 places of business between February 12, 1991 and April 14, 1992. As the magistrate observed
 "Now, based upon what I've seen here, I see that he has looked for a job as ordered." (transcript p. 12)
The defendant made all weekly $80 payments as ordered (transcript p. 7) and paid a medical bill as ordered (transcript p. 12 and p. 89). There is no evidence in the record that the defendant refused any available full time employment, nor is there any evidence that any available full time employment existed for defendant during this two month period.
The defendant's own testimony demonstrated that much of his income was being generated from small jobs such as roofing, asphalt and odd jobs for which no records were kept (transcript p. 56), by cooking at Dude's (transcript p. 59), and by contributions from his girlfriend (transcript p. 59). It should be noted that there was no evidence that the defendant's girlfriend was causing the defendant any expense. Instead, she was helping him meet his child support obligation.
The parties' agreement accepted by the Family Support CT Page 7883 Magistrate was clearly made for the two month period terminating on April 21, 1992. The temporary agreement did not address, much less resolve, the allegations contained in the plaintiff's motion. Therefore, the hearing held in April properly included the period prior to February 11, 1992.
The defendant's failure, over several years, to comply with the child support order, coupled with his failure to seek any relief therefrom until the August, 1991 motion filed on his behalf, furnished the Family Support Magistrate sufficient basis to conclude that the defendant was in contempt of the order.
The defendant cites Tobey v. Tobey, 165 Conn. 742 for the rule that inability to pay an order is a defense to a charge of contempt. The defendant had the burden of proving his inability to pay and the magistrate found that the defendant had not sustained his burden.
The magistrate next proceeded to impose a sanction after finding a civil contempt. Perry v. Perry, 222 Conn. 799 at p. 810, footnote 6. The sanction imposed was to order the defendant incarcerated until he paid a lump sum of $3,000.
Mays v. Mays, 193 Conn. 261 presented a set of circumstances similar to the present case. The defendant Mays was found to have disregarded the support order for four years. The evidence before the trial court
 "indicated that his assets were minimal and that he had no available means of paying the large sum required to discharge his obligation. Nothing in the record warrants an assumption that his financial situation was likely to improve during his imprisonment."
Id., p. 265.
The punishment inflicted upon finding a civil contempt must be conditional and coercive, Id. p. 266 and the contemnor must have it within his own power to purge himself, i.e. he can meet the condition set for release. A civil contempt is founded on the court's authority to coerce compliance by an order designed to obtain obedience by a person who can comply but who is wilfully refusing to comply.
Nothing in the record of this present case would allow an inference that the defendant had any assets, much less $3,000 cash.
"An order of confinement upon an CT Page 7884 adjudication of civil contempt must provide the contemnor with the key to his release in terms which are not impossible for him satisfy." Id. pp. 266-267 (emphasis added)
In closing argument the plaintiff's attorney stated
 "Finally, it's not going to solve a problem. If this man is put in jail, it will solve all the problems because mommy and daddy have backed him up for years and hid him from sheriffs. I guarantee that mommy and daddy will pay whatever your Honor orders. Thank you." (Transcript p. 87)
This can only be understood to mean that the defendant's only means to pay the $3,000 was not based on his own ability to pay but on his parents' ability. This is contrary to Mays, supra.
The defendant's claim that Sec. 46b-231(m)(7), 3, General Statutes is unconstitutionally vague has been decided by Perry v. Perry, 222 Conn. 799 (1992). The defendant's claim that the family support magistrate's failure to schedule a hearing within seven days of incarceration as required by 46b-231(m)(7) became moot when the defendant was released from incarceration.
The decision of the family support magistrate to impose the order of incarceration of the defendant until the lump sum of $3,000 was paid is found to be clearly erroneous in view of the reliable probative and substantial evidence on the whole record and is found to be an abuse of discretion. The family support magistrate's sanction order is reversed, 46b-231(m)(7) Connecticut General Statutes, and vacated and the $3,000 advanced by the defendant's parents should be returned to them by Support Enforcement, 46b-215(d) Connecticut General Statutes.
/s/ Harrigan, J. HARRIGAN